No. 24-5856

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
_____

CHRISTOPHER DARNELL,
Plaintiff
and

DANIEL T. LEWIS; SAMANTHA ZUKOWSKI; CHARLES TRAYAL;
LIBERTARIAN PARTY OF TENNESSEE,

Plaintiffs – Appellants

v.

TRE HARGETT, in his official capacity as Secretary of State for the State of Tennessee; MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee

Defendants – Appellees

_____

On Appeal from the United States District Court
For the Middle District of Tennessee, Nashville Division

Honorable Aleta A. Trauger, District Judge
D.C. No. 3:23-cv-01266

_____

APPELLANTS' REPLY BRIEF

JAMES C. LINGER
1710 South Boston Avenue
Tulsa, Oklahoma 74119-4810
Tel.: (918) 585-2797
bostonbarristers@tulsacoxmail.com

*Counsel for Appellants*

# TABLE OF CONTENTS

TABLE OF CONTENTS ………………………………………………………… i

TABLE OF AUTHORITES ………………………………………………......i

STATEMENT OF THE CASE …………………………………………………… 1

SUMMARY OF THE ARGUMENT …………………………………………... 1

STANDARD OF REVIEW ……………………………………………………. 4

ARGUMENT ……………………………………………………………………… 4

CONCLUSION …………………………………………………………………….. 10

CERTIFICATE OF COMPLIANCE ………………………………………….. 12

CERTIFICATE OF SERVICE ………………………………………………… 13

# TABLE OF AUTHORITIES

## CASES

<u>Cases</u>:

Anderson v. Celebrezze, 460 U.S. 780 (1983) …………………….............. 9,10

Ashcroft v. Iqbal, 556 U.S. 662 (2009)…………………………………………. 4

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ………………………….. 4

Council of Alternative Political Parties v. Hooks, 121 F.3d 876
    (3rd Cir. 1997) ………………………………………………………..…..10

Doe v. Blumstein, 903 F.3d 575 (6th Cir. 2018) …………………………………. 4

Graveline v. Benson, 992 F.3d 524 (6th Cir. 2021) ………………………… 8,9,10


Green Party of Tennessee v. Hargett, 882 F.Supp. 2d, 959 (M.D. Tenn. 2012)….. 2

Green Party of Tennessee v. Hargett, 700 F.3d 816 (6th Cir. 2012) ……………….2

Green Party of Tennessee v. Hargett, 953 F.Supp. 2d 816 (M.D. Tenn. 2013)….. 2

Green Party of Tennessee v. Hargett, 767 F.3d 533 (6th Cir. 2014) …………..……2

Green Party of Tennessee v. Hargett, 791 F.3d 684 (6th Cir. 2015)…..………….… 2

Green Party of Tennessee v. Hargett, 2016 WL 4379150
    (M.D. Tenn. 2016)………………………………………………..................2,6

Green Party of Tennessee v. Hargett, 2017 WL 4011854
    (6th Cir., May 11, 2017) ……………………….………………………….…..2

Logsdon v. Hains, 492 F.3d 334 (6th Cir. 2007) …………………….……..…...4

Lugan v. Defenders of Wildlife, 504 U.S. 555 (1992) …………………….….4

Lugan v. National Wildlife Federation, 497 U.S. 871 (1990) ……………….....4

Peterson v. Johnson, 87 Fed.4th 833 (6th Cir. 2023) ……………….……………4

Storer v. Brown, 415 U.S. 724 (1974) ………………………………….……8,9

Statutes and Code:

Tenn. Code Ann. § 2-13-107(e)(2) …………………….…………………… 7

U.S.C., Title 42, § 1983 …………………………………………………….1

Other Authorities:

Fed. R. Civ. P. 12(b)(6)..…………………………………………………….4

U.S. Constitution, Amendment I …………………………………………… 1

U.S. Constitution, Amendment XIV……………………………………................ 1

## STATEMENT OF THE CASE

The Plaintiffs-Appellants, Daniel T. Lewis, Samantha Zukowski, Charles Trayal, and the Libertarian Party of Tennessee (hereinafter sometimes referred to collectively as either Plaintiffs or LPT) commenced a timely appeal in this Court from a decision rendered in a Memorandum Opinion, Order, and Judgment of August 23, 2024, by the United States District Court for the Middle District of Tennessee, Nashville Division (RE 20, Page ID # 81-92; RE 21, Page ID # 93; RE 22, Page ID # 94, respectively). Appellants' Principal Brief was filed with this Court on November 13, 2024. The Brief of Defendants-Appellees, Tre Hargett, in his official capacity as Secretary of State for the State of Tennessee, and Mark Goins, in his official capacity as Coordinator of Elections for the State of Tennessee (hereinafter sometimes referred to collectively as Defendants) was filed with this Court on December 13, 2024. Plaintiffs now submit the Appellants' Reply Brief.

## SUMMARY OF THE ARGUMENT

As noted in the Summary of the Argument in the Appellants' Principal Brief, the instant case is seeking both declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments, challenging the constitutionality of Tennessee ballot access laws for new minor political parties because the laws are too severe, unnecessary, serve no compelling state interest,

1

cause voter confusion, have not been successfully complied with since 1968, and Plaintiffs have been unsuccessful in their past efforts to comply with the law. Plaintiffs argued that the laws in question are unconstitutional as applied to the Plaintiffs so that said laws should be permanently enjoined from enforcement.

Because the District Court granted the Defendants' motion to dismiss, Plaintiffs were not able to develop a substantial record as to their assertions about their past failures to comply with the Tennessee ballot access laws and why the case was different from the District Court and Sixth Circuit's previous decisions in the various *Green Party of Tennessee v. Hargett* cases, *viz.*: *Green Party of Tennessee v. Hargett*, 882 F.Supp.2d 959 (M.D. Tenn. 2012), *rev'd., Green Party of Tennessee v. Hargett*, 700 F.3d 816 (6th Cir. 2012); *Green Party of Tennessee v. Hargett*, 953 F.Supp.2d 816 (M.D. Tenn. 2013), *vacated and remanded, Green Party of Tennessee v. Hargett*, 767 F.3d 533 (6th Cir. 2014); *Green Party of Tennessee v. Hargett*, 791 F.3d 684 (6th Cir. 2015); *Green Party of Tennessee v. Hargett*, 2016 WL 4379150 (M.D. Tenn. 2016); and *Green Party of Tennessee v. Hargett*, 2017 WL 4011854 (6th Cir., May 11, 2017). Plaintiffs contend that the District Court misunderstood the distinctions and implication of the instant case with the aforesaid various *Green Party of Tennessee v. Hargett* cases.

Therefore, the District Court erred in granting the Defendants' motion to dismiss against Plaintiffs because Tennessee's challenged ballot access laws for

2

new minor political party recognition are a severe burden upon the Constitutional rights of Plaintiffs because the petition requirement has not been complied with so as to result in a new minor political party obtaining ballot access as a political party in Tennessee since 1968, because the ballot access laws cause voter confusion by labeling a minor party candidate as an independent candidate--thus, unequally and unfairly impacting in a discriminatory manner rights of unrecognized, minor political parties and their voters, are not narrowly drawn to advance compelling state interests, and because of the passage of time and the differing efforts of the Libertarian Party of Tennessee for ballot access so as to distinguish it from the previous decisions of the District Court below (the last District Court decision being in 2016) and the U.S. Court of Appeals for the Sixth Circuit in the various *Green Party of Tennessee v. Hargett* cases.

    Thus, because Plaintiffs had indicated that their attempts to successfully gain ballot access had been unsuccessful, the District Court by granting the motion to dismiss did not allow the record to be developed as to Plaintiffs' allegations that they had failed in efforts in the past to comply with the Tennessee ballot access laws for the recognition of new political parties as noted in paragraph VIII of their Complaint. (RE 1, Page ID # 1-10). In fact, the Memorandum Opinion of the District Court did not even mention the assertion by the Plaintiffs about their

3

unsuccessful past efforts in achieving ballot access as a minor political party in Tennessee (Memorandum, RE 20, Page ID # 81-92).

## STANDARD OF REVIEW

As stated in the Appellants' Principal Brief, and not disputed in the Brief of Defendants-Appellees, the standard of review for the Court of Appeals in reviewing *de novo* a district court's granting of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is set forth in the rulings in *Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2007); *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); and *Lujan v. National Wildlife Federation*, 497 U.S. 871, 889 (1990). The Defendants correctly note on page 9 of the Brief of Defendants-Appellees that the Court of Appeals reviews *de novo* a district court's decision to grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Peterson v. Johnson*, 87 F. 4th 833, 836 (6th Cir. 2023).

## ARGUMENT

Plaintiffs filed the case below questioning the constitutionality of Tennessee ballot access laws because of the failure of any new minor political party in Tennessee to comply with said laws since 1968 (a total now of 56 years), the large number of valid petition signatures of registered Tennessee voters required (43,498 being 2.5 percent of the total votes cast for Tennessee Governor in the most recent

4

gubernatorial election in 2022), and the fact that the LPT had failed in past efforts in its petitioning, which--when considered in combination with each of the ballot access laws for new political parties in Tennessee as compared with the relatively easier petition requirements for independent candidates (i.e., 25 or 275 petition signatures)—results in LPT candidates being forced to petition as independents and being placed and labeled on the general election ballot as independent candidates rather than their true identification as Libertarians—which results in inaccurate and confusing candidate political identification being provided to potential Tennessee voters. (Complaint, RE 1, Page ID # 1-10, ¶¶ V and VIII).

Because of the passage of time and the differing efforts of the LPT for ballot access in Tennessee, the instant case is distinguished from the previous decisions of the District Court and the U.S. Court of Appeals for the Sixth Circuit in the various *Green Party of Tennessee v. Hargett* cases.  The District Court by granting the motion to dismiss did not allow for the record to be developed as to the allegations of the Plaintiffs that they had failed in efforts in the past to comply with Tennessee laws for the recognition of new political parties as set forth in Paragraph VIII of the Complaint.  (RE 1, Page ID# 1-10).  If given the opportunity, Plaintiffs could have shown the trial court what their past efforts had been as to Tennessee ballot access and the costs involved for them in petitioning as compared to previous efforts of other political parties and organizations.

5

In contrast, at least the Green Party and Constitution Party were allowed to put on evidence at trial of what had been done by them or needed to be done to attempt to comply with the Tennessee ballot access laws for new political party recognition. *Green Party of Tennessee v. Hargett*, 2016 WL 4379150 (M.D. Tenn. 2016). Defendants argue on page 16 of their Brief to this Court that Plaintiffs cannot argue that no new political party has been recognized since 1968 to show an "impossibility to gain minor-party recognition, while simultaneously contending that a six-year-old decision rejecting those claims must be disregarded for that same reason." However, besides making a mathematical mistake in thinking that the District Court's decision in 2016 is six years before the current year of 2024 rather than eight years, the Defendants miss on page 7 of their Brief before this Court the significant distinguishing facts for Plaintiffs that it has now been eight years since the *Green Party of Tennessee* cases ended in the District Court below, there are still no new political parties gaining Tennessee ballot access by successfully petitioning, no opportunity for the LPT to show the specific reasons they previously failed to comply with the Tennessee ballot access laws[1], there has

---

[1] While Defendants allege on page 7 of their Brief to this Court that "Plaintiffs made no specific allegations about their attempts to comply with Tennessee's ballot-access laws for the November 2024 election . . . .", Defendants failed to note that Plaintiffs filed their Complaint on December 1, 2023 (RE 1, Page ID #1-10), so that—because there was no hearing or trial because of the motion to dismiss being granted—the Plaintiffs were not able to show their efforts after the filing of the Complaint on December 1, 2023.

been an increase in the actual number of total petition signatures required since 2016 to the new number of required petition signatures of 43,498, the costs required for a successful petition drive, and the effect of the death of the Plaintiff Christopher Darnell in early April of 2024 (RE 15, Page ID # 67-68) on Plaintiffs' ballot access petitioning efforts for the 2024 election ballot in Tennessee.

 Because the independent petition in Tennessee is so easy, and the minor party petition is so difficult, minor party candidates in Tennessee have used the independent procedure for ballot access. As a result, Tennessee voters invariably see a general election ballot in which only the Democratic and Republican nominees have their party label. Every other candidate on the general election ballot is labeled as an "Independent" so that most Tennessee voters don't know the true party affiliation of those independent candidates. At present, the LPT candidates are forced to petition as independents under the lesser petition signature requirement of 25 petition signatures for most offices or 275 petition signatures for President of the United States and will be placed and labeled on the general election ballot as independent candidates pursuant to Tenn. Code Ann., § 2-13-107(e)(2)—thus, misrepresenting and denying correct information to Tennessee voters of the true political party affiliation of Libertarian candidates.

 As to the historical record since the aforesaid *Green Party* cases were decided and the continued failure of any minor political party in Tennessee to

7

comply with the laws in question, the U.S. Supreme Court has stated in considering ballot access and election laws and the historical record of political parties' participation in elections, "[p]ast experience will be helpful, if not always an unerring guide." *Storer v. Brown*, 415 U.S. 724, at 742 (1974). Further, while Defendants in their Brief to this Court seek to distinguish the instant case with this Court's decision in *Graveline v. Benson*, 992 F.3d 524, (6th Cir. 2021), this Court did recognize in *Graveline v. Benson, Id*. at 539, that ". . . Michigan's history reveals the severity of this burden . . . and that [s]ince its implementation in 1988, no independent candidate for statewide office has managed to complete a qualifying petition." It is an even greater concern today in the case at bar than it was in 2016 in the *Green Party* case that there is a continuation of the absence of minor political parties who have successfully petitioned for political party ballot access in Tennessee. The situation is much worse here than it was in Michigan for independent candidates to successfully petition where this Court in its decision in *Graveline v. Benson*, *Id*., approved a reduction of the number of petition signatures required from 30,000 statewide to just 12,000 in an interim measure for 2020 and enjoined enforcement of the ballot access statutes for independent candidates in Michigan. As this Court has stated, the ". . . Supreme Court instructs us to distinguish between burdens that restrict political participation equally and burdens that 'fall[ ] unequally on new or small political parties or on independent

8

candidates.'" G*raveline v. Benson, Id*. at 535, citing *Anderson v. Celebrezze*, 460 U.S. 780, at 793-794 (1983).

In regard to any petition drive to place the LPT and its candidates on the ballot in Tennessee as a recognized minor political party under the constraints and requirements of the current political party petitioning laws in question herein, the LPT and its supporters alleged in their Complaint that said constraints and requirements are beyond the capacity of the LPT and its supporters to achieve and at present are virtually impossible to comply with, as well as the assertion that past attempts by the LPT to achieve ballot access as a minor political party in Tennessee have been unsuccessful. (Complaint, RE 1, Page ID # 1-10, ¶¶ V and VIII). The United States Supreme Court has noted that ". . . the political party and the independent candidate approaches to political activity are entirely different and neither is a satisfactory substitute for the other." *Storer v. Brown*, *Id*. at 745. The fact that Tennessee has relatively easy ballot access for independent candidates (i.e., 25 petition signatures except for the 275 petition signatures required for independent presidential candidates) does not excuse the unnecessarily difficult and never complied with since 1968 requirements for new political party recognition in Tennessee.

9

## CONCLUSION

"[B]ecause the interests of minor parties and independent candidates are not well represented in state legislatures, the risk that the First Amendment rights of those groups will be ignored in legislative decision-making may warrant more careful judicial scrutiny." *Anderson v. Celebrezze*, 460 U.S. at 793, n.16. Since the LPT had alleged that they had failed in the past to achieve ballot access as a new political party in Tennessee, the opportunity at a hearing should have been allowed where they could have shown their previous efforts and actual expenditures and volunteer hours put forward in their attempts to comply with the petition requirement. *Graveline v. Benson, Id*., at 530. The District Court should have denied the motion to dismiss and allowed testimony and evidence at trial in the case below so as to allow substantial development of the record. Courts have recognized that ballot access requirements impose a tremendous burden on individuals that seek to field candidates for election but may have fewer resources than the two major parties. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 881 (3rd Cir. 1997).

WHEREFORE, premises considered, the Plaintiffs-Appellants request that, upon full consideration of this appeal, the Court of Appeals reverse the decision of the United States District Court for the Middle District of Tennessee, Nashville Division, in the case below, declare the relief prayed for herein by instructing the

District Court upon remand to deny the motion to dismiss of the Defendants-Appellees Secretary of State and Coordinator of Elections and permit further development of the record at trial, and grant such other and further relief as to which Plaintiffs-Appellants may be entitled, and which this Court may deem equitable and just.

Respectfully submitted this 31st day of December, 2024.

>Daniel T. Lewis, Samantha Zukowski, Charles Trayal, and Libertarian Party of Tennessee, Appellants
>
>JAMES C. LINGER, OBA#5441
>
>/s/ James C. Linger
>James C. Linger
>1710 South Boston Avenue
>Tulsa, OK 74119-4810
>(918) 585-2797 Telephone
>bostonbarristers@tulsacoxmail.com
>
>*Counsel for Appellants*

<u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed. R. App. P. 32 (g)(1) and 6th Cir. R. 32(a), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(A) and (B) because this brief contains 2,543 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(ii) and 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Word 13, Times New Roman 14-point font.

Date:  December 31, 2024

JAMES C. LINGER, OBA#5441
<u>/s/ James C. Linger</u>
James C. Linger

*Counsel for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

JAMES C. LINGER, OBA#5441

/s/ James C. Linger
James C. Linger

*Counsel for Appellants*