NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0224n.06

Case No. 24-5856

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 01, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| CHRISTOPHER DARNELL, et al.,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>TRE HARGETT, et al.,<br><br>    Defendants-Appellees. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE<br><br>OPINION |

Before: CLAY, THAPAR, and READLER, Circuit Judges.

CHAD A. READLER, Circuit Judge. The Libertarian Party of Tennessee and four of its members—Daniel Lewis, Samantha Zukowski, Charles Trayal, and Christopher Darnell (who passed away during this litigation)—challenged a host of Tennessee ballot access provisions. The district court dismissed their complaint for failure to state a claim. We now affirm.

*The Law.* Tennessee offers ballot access in statewide elections to two kinds of political parties: statewide parties and recognized minor parties. Tenn. Code Ann. §§ 2-13-201(1), 2-1-104(a)(30), (23) (2025). A "statewide political party" is one whose prior candidate for a statewide office received at least five percent of the "total number of votes cast" in the most recent gubernatorial election. *Id.* § 2-1-104(a)(30). If a political party cannot meet this requirement, it may achieve recognition as a minor political party. To qualify as a "recognized minor political party," a party must submit a petition signed by a number of "registered voters equal to at least

No. 24-5856, *Darnell v. Hargett*

two and one-half percent" of the total vote cast in the previous gubernatorial election. *Id.* § 2-1-104(a)(23). The current number of signatures required for such a petition is 43,497. *Procedures for Recognition as a Political Party*, Tenn. Sec'y State, https://perma.cc/WAA9-LKZV (last visited Apr. 14, 2025). A copy of the petition must be filed with the coordinator of elections 90 days before the general election in November. Tenn. Code Ann. § 2-13-107(a)(2) (2025). If a political party fails to meet these requirements, its candidates may appear on the ballot as independent candidates. *Id.* § 2-13-107(e)(2).

*The Dispute.* With this framework in mind, consider the circumstances of one political party in the Volunteer State, the Libertarian Party of Tennessee. In December 2023, the Libertarian Party and four of its members sued the Tennessee Secretary of State and his appointee, the coordinator of elections, *id.* § 2-11-201, seeking injunctive and declaratory relief for all subsequent elections. (We refer to plaintiffs collectively as the "Libertarian Party" because the distinction between them does not matter for purposes of this appeal.) By way of background, the Libertarian Party "wish[es] to have its candidates recognized as Libertarians on the Tennessee ballot." Compl., R.1, PageID 7. But to do so, it must, at a minimum, secure recognized minor political party status. *Id.* And so far, the Party explains, it has "failed" to achieve that result. *Id.* Thus, the Party remains a "non-recognized political party," meaning its candidates are listed on the ballot as "Independent candidates" rather than "Libertarians." *Id.* at PageID 6.

In its complaint, the Libertarian Party alleges that, as applied to its members, Tennessee's requirements for minor political party recognition violate the First and Fourteenth Amendments—that is, the Party maintains Tennessee law is unconstitutional in "application only to" itself, "the party before the court." *Amelkin v. McClure*, 205 F.3d 293, 296 (6th Cir. 2000). The Libertarian Party takes specific issue with Tennessee's signature requirement and the associated petition

2

No. 24-5856, *Darnell v. Hargett*

deadline. According to the Party, these conditions impose a severe burden on its ability to associate for the advancement of its political beliefs as well as the ability of voters to cast their votes effectively. *See* Appellants Br. 9. The district court dismissed the Party's complaint, holding that it failed to state a claim.

*The Appeal.* The Libertarian Party filed a timely notice of appeal. With the case now before us, familiar principles frame our inquiry. We review a district court's decision to dismiss a complaint under Civil Rule 12(b)(6) with fresh eyes. *Paige v. Coyner*, 614 F.3d 273, 277 (6th Cir. 2010). We must accept all well-pleaded factual allegations in the complaint as true. *Patterson v. United HealthCare Ins.*, 76 F.4th 487, 492 (6th Cir. 2023). And we must determine whether the complaint alleges sufficient facts that state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A. The thrust of the complaint is that the 2.5% petition signature requirement in tandem with the petition's 90-day filing deadline is unconstitutional as applied to the Libertarian Party. To determine whether these ballot access provisions violate the Party's constitutional rights, circuit precedent directs us to apply the *Anderson–Burdick* framework. *See Burdick v. Takushi*, 504 U.S. 428, 434 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983); *see also Green Party of Tenn. v. Hargett*, 767 F.3d 533, 547 (6th Cir. 2014) (applying framework to Tennessee's ballot access scheme). That framework "first asks us to weigh the magnitude of the burden placed by the State's action." *See Mays v. LaRose*, 951 F.3d 775, 783 n.4 (6th Cir. 2020). It follows that to state a claim for relief, the Libertarian Party must initially allege that Tennessee's scheme burdens its rights in some way. *See Green Party of Tenn. v. Hargett*, No. 16-6299, 2017 WL 4011854, at *4 (6th Cir. May 11, 2017) (order) ("[B]ecause the district court determined that the statute imposed no burden,

No. 24-5856, *Darnell v. Hargett*

the plaintiffs' argument that the defendants did not present an adequate justification is immaterial.").

The Party fails to do so. To understand why, consider first a prior challenge the Green Party and the Constitution Party of Tennessee pursued against these same Tennessee provisions. *See Green Party of Tenn.*, 2017 WL 4011854, at *1 (recounting litigation history). Two aspects of that long-running litigation bear emphasis. First, after the district court initially granted summary judgment to the two parties on their facial and as applied challenge to the ballot access laws, *Green Party of Tenn. v. Hargett*, 882 F. Supp. 2d 959, 1019 (M.D. Tenn. 2012), we reversed, *Green Party of Tenn. v. Hargett*, 700 F.3d 816, 824 (6th Cir. 2012). In so doing, we held that "the 2.5% signature requirement, standing alone, is not unconstitutional on its face." *Id.* at 824. Second, the case eventually proceeded to a bench trial to assess the plaintiffs' claims in an as-applied context. At the trial's close, the district court ruled in the state's favor. As to the signature requirement, the court explained, the plaintiffs failed to introduce evidence that they had incurred or would face a financial burden in honoring that obligation. *Green Party of Tenn. v. Hargett*, No. 11-cv-692, 2016 WL 4379150, at *24–27 (M.D. Tenn. Aug. 17, 2016). All the political parties could offer in terms of evidence was at best relevant only to a facial challenge: expert testimony suggesting that "the 2.5% signature requirement is unachievable for minor parties, as a general matter." *Id.* at *34. Likewise, as to the associated 90-day petition filing deadline, the court found that the parties had "ample opportunity to collect signatures." *Id.* at *27 (quotation omitted). Given the lack of a demonstrated burden beyond what any political party would normally face, the court found that neither requirement violated the plaintiffs' constitutional rights as applied to them. *Id.* at *32. On appeal, we affirmed. *Green Party of Tenn.*, 2017 WL 4011854, at *6.

No. 24-5856, *Darnell v. Hargett*

Those conclusions guide the outcome here. The Libertarian Party's complaint similarly fails to allege an as-applied constitutional violation tied to Tennessee's ballot access rules. As an initial flaw, the Party dresses many of its claims in facial challenge clothing. *See, e.g.*, Compl., R.1, PageID 5–6, 7 (noting that the "stringent" signature requirement and "early deadline" "effectively eliminate[] the ability of unrecognized political parties to gain . . . recognition in the State of Tennessee for general elections"). By and large, the complaint focuses more on the general burden any minor party faces in seeking recognition than the specific challenges faced by the Libertarian Party. *See id.* at PageID 6–7 (discussing the burdens faced by new political parties generally). And it does so by taking special issue with the signature requirement, alleging that "it would be virtually impossible to meet the petition deadline for minor political parties . . . *because of* the unnecessarily high petitioning requirement." *Id.* at PageID 5 (emphasis added). In short, the complaint leaves little doubt that the Party seeks to have us treat Tennessee's statutes as unconstitutional simply because the signature requirement is, on its face, burdensome. But that argument was already raised and rejected in *Green Party*. 700 F.3d at 819.

As to purported harm to the Libertarian Party itself, the complaint speaks only in conclusory fashion. For example, the complaint observes that the Party has "failed in efforts in the past" to "comply with the law" and is "unable to marshal" the necessary resources to do so now. Compl., R.1, PageID 5, 7. These bare assertions lack details demonstrating the particular problems the Party faces in satisfying state law. *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (noting that "sufficiency of a complaint turns on its factual content" and requiring "the plaintiff to plead enough factual matter" to state a claim) (quotation omitted); *Iqbal*, 556 U.S. at 678 (explaining a complaint must contain "more than . . . the-defendant-unlawfully-harmed-me accusation[s]"); *see also Green Party of Tenn.*, 2016 WL

No. 24-5856, *Darnell v. Hargett*

4379150, at *24 (rejecting an as applied challenge because the parties did not "introduce[] any evidence that they are required to incur any financial costs to collect the necessary signatures"). As a result, the complaint fails to allege plausibly that the petition requirement and its associated filing deadline are unconstitutional as applied to the Party. *See Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders naked assertion[s] devoid of further factual enhancement." (citation and quotation omitted)).

The Libertarian Party also references a host of other ballot access provisions in its complaint (including the deadlines to submit a copy of party rules, the definition of "statewide" party, and the order candidates are listed on the ballot), suggesting they too are unconstitutional. Compl., R.1, PageID 4–5. But here again, the complaint's allegations are conclusory at best. That is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678.

B. The Libertarian Party takes issue with two aspects of our analysis. First, it contends that the district court erroneously denied the Party the opportunity to "develop [a] record as to [its] past efforts for ballot access." Appellants Br. 22. To that end, it asks us to look beyond the pleadings and "consider what" it "would have presented to the District Court . . . [at a hearing] and/or a trial on the merits of the case." Appellants Br. 19. Yet that is not how Civil Rule 12(b)(6) works. At this stage, we ask whether the complaint states a plausible claim for relief. *Twombly*, 550 U.S. at 570. While we may draw "reasonable inference[s]" for the Libertarian Party, such inferences must come from well-pleaded factual allegations in its complaint. *Iqbal*, 556 U.S. at 678. The Party is entitled to "develop a record" only if it first alleges a plausible claim for relief, which it did not do. *Twombly*, 550 U.S. at 559.

Second, the Libertarian Party believes that *Green Party* does not bind us due to the "passage of time" and because, in the Party's view, today's case is factually distinct. Appellants

No. 24-5856, *Darnell v. Hargett*

Br. 15.  But having read the Party's complaint, we see no meaningful factual differences between this case and our earlier one.  Nor is the mere passage of time enough to demonstrate a right to relief, especially when the complaint does not identify any significant change, legal or otherwise, that has occurred in the years since *Green Party* was decided.

*     *     *     *     *

We affirm the district court's dismissal of the Libertarian Party's complaint.